IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES THORNTON,

    Plaintiff,

v.

REBECCA CARTER, et al.,

    Defendants.

Case No. 3:22-cv-00925-AR

**ORDER**

**ARMISTEAD, Magistrate Judge**

Plaintiff James Thornton, an adult in custody at the Oregon State Penitentiary, brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant. Currently before the court are several matters.

**I.**      **Thornton's "Motion to Dismiss Qualified Immunity" (ECF No. 36) and "Motion to Dismiss Defendants Immunity and the Affirmative Defense of Qualified Immunity" (ECF No. 54).**

In their Answer, defendants assert affirmative defenses of qualified immunity and sovereign immunity. Thornton moves to "dismiss" those affirmative defenses, which the court construes as a motion to strike them under Rule 12(f) of the Federal Rules of Civil Procedure.

"When moving to strike an affirmative defense, the moving party must persuade the court that there are no disputed questions of fact or law and that the defense could not succeed under any set of circumstances." *Campbell v. Tanton*, 2021 WL l675313, at *2 (E.D. Cal. Feb. 22, 2021) (citing *Sec. and Exch. Comm'n v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995)). The Ninth Circuit has held that an affirmative defense is sufficiently pleaded when it provides the plaintiff with fair notice of its grounds, which need only be described in general terms. *See Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("the 'fair notice' required by

1 - ORDER

the pleading standards only requires describing the [affirmative] defense in 'general terms'"). "[W]hen the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike." *Sec. and Exch. Comm'n*, 902 F.Supp. at 1166.

      As to the defense of qualified immunity, it is an affirmative defense that must be pleaded in an answer. *Norwood v. Vance*, 591 F.3d 1062, 1075 (9th Cir. 2010). Moreover, the court is not persuaded that defendants cannot succeed on this defense under any set of circumstances, or that it is insufficient as a matter of law. As to the defense of sovereign immunity, Thornton specifically pleads his claims against the individual defendants in this case "in their individual and official capacities." To the extent Thornton is pursuing his claims against defendants in their official capacities, they may assert the defense of sovereign immunity. *See Nesbit v. Department of Public Safety*, 283 Fed.App'x 531, 533 (9th Cir. 2008) ("[s]uits naming a defendant in his 'official capacity' are treated as suits against the state and therefore subject to a defense of sovereign immunity under the Eleventh Amendment") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, the court DENIES Thornton's "Motion to Dismiss Qualified Immunity" and "Motion to Dismiss Defendants Immunity and the Affirmative Defense of Qualified Immunity."

## II.    Thornton's Motions for Appointment of Counsel (ECF Nos. 46, 58, and 78)

      This court denied Thornton's first motion for appointment of counsel by Order (ECF No. 12) of August 30, 2022. The Order noted that, at that time, Thornton had not established exceptional circumstances and that the facts and legal issues were not of substantial complexity to necessitate appointment of counsel under 28 U.S.C. § 1915(g). *See Agyeman v. Corrections Corporation of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). In his several renewed motions

for appointment of counsel, Thornton similarly does not establish exceptional circumstances warranting the appointment of a member of the *pro bono* panel of attorneys. The facts and legal issues are not so complicated that appointment of counsel is needed at this time, given the difficulties the court routinely experiences obtaining *pro bono* counsel and plaintiff's ability so far. Accordingly, the court finds there that there are no exceptional circumstances that require the appointment of counsel under § 1915(e) and, therefore, denies Thornton renewed motions. That could change. That is, the court will reconsider plaintiff's request for counsel at a later stage in this case if the circumstances become exceptional.

### III. Thornton's Motions Pertaining to Discovery Requests (ECF Nos. 48, 49, 52, 64, 65, and 71)

Thornton has filed five separate motions pertaining to discovery requests: (1) "Motion to Demand Defendants to Give Production of Documents" (ECF No. 48); (2) "Motion for Demand Production of Documents & Motion for Summary Judgment" (ECF No. 49); (3) "Motion to Demand Production of Documents and Answer Interrogatories and Scheduling Trial Date" (ECF No. 52), (4) "Motion to Compel Discovery" (ECF No. 64); and (5) "Plaintiff's Motion to Compel Documents" (ECF No. 65). Thornton also moves for a hearing on his motions to compel (ECF No. 71).

In response to Thornton's motions, defendants note that the "motions" are in the nature of discovery requests and indicate that they will treat them as such, responding in the ordinary course under the court's discovery rules. Accordingly, the court DENIES Motions Nos. 48, 49, 52, 64, and 65. The court FINDS MOOT Thornton's motion for a hearing (ECF No. 71).

### IV. Scheduling

Thornton moves for a 90-day extension of time for the parties to complete discovery, file discovery motions, and file dispositive pretrial motions. The court GRANTS Thornton's Motion

3 - ORDER

for Extension of Time (ECF No. 80). The parties have until December 22, 2023, to complete discovery, file discovery motions, and file dispositive pretrial motions. The court advises Thornton, however, that no further extension of these deadlines will be forthcoming absent a showing of extraordinary circumstances. The court FINDS MOOT the parties' prior motions for extension of time.

Thornton also moves for leave to file an amended complaint (ECF No. 77), a motion which supersedes his prior, pending motion for leave to amend (ECF 50) and motion to supplement complaint (ECF No. 59). Accordingly, the court FINDS MOOT Thornton's prior motions. Defendants have until October 11, 2023, to file a response to Thornton's motion for leave to file amended complaint (ECF No. 77), and Thornton has until October 25, 2023, to file his reply. The motion for leave to amend will be taken under advisement on October 25, 2023.

## CONCLUSION

For the above reasons, IT IS ORDERED as follows:

1. The court construes Thornton's "Motion to Dismiss Qualified Immunity" (ECF No. 36) and "Motion to Dismiss Defendants Immunity and the Affirmative Defense of Qualified Immunity" (ECF No. 54) as motions to strike the affirmative defenses of qualified and sovereign immunity and, so construed, DENIES them;

2. The court DENIES Thornton's renewed motions for appointment of counsel (ECF Nos. 46, 58, and 78);

3. The court DENIES Thornton's motions pertaining to discovery (ECF Nos. 48, 49, 52, 64, and 65);

4. The court GRANTS Thornton's motion for extension of time (ECF No. 80) to December 22, 2023, for the parties to complete discovery, file discovery motions, and file

dispositive pretrial motions, and the court FINDS MOOT the parties' prior requests for extension of these deadlines (ECF Nos. 60, 62, 69, and 75);

5. The court FINDS MOOT Thornton's superseded motion for leave to file amended complaint (ECF No. 50) and motion to supplement complaint (ECF No. 59), as well as his motion for extension of time (ECF No. 53);

6. Defendants have until October 11, 2023, to file a response to Thornton's Motion for Leave to File Amended Complaint (ECF No. 77), and Thornton has until October 25, 2023, to file his reply in support of his motion. The court will take Thornton's Motion for Leave to File Amended Complaint UNDER ADVISEMENT on October 25, 2023.

DATED: September 28, 2023.

_____
Jeff Armistead
United States Magistrate Judge

5 - ORDER